IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00565-CMA-KLM

KONDAUR CAPITAL CORPORATION,

    Plaintiff,

v.

LUIS E. CASTRO,
GEORGE A. CASTRO, and
SHERRON L. LEWIS JR.,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion to Remand** [Docket No. 4; Filed March 30, 2012] and **Defendants' Motion to Strike Plaintiff's Motion to Remand** [Docket No. 5; Filed April 3, 2012].  The Motions are referred to this Court for resolution [#7].  The Court has reviewed the Motion to Remand, the Motion to Strike, the case record, and the applicable law, and is fully advised in the premises.  For the reasons stated below, the Court respectfully **RECOMMENDS** that Plaintiff's Motion to Remand [#4] be **GRANTED** and that this matter be remanded to the District Court for Jefferson County, Colorado.

    As a preliminary matter, the Motion to Strike does not comply with Fed. R. Civ. P. 11(a), D.C.COLO.LCivR 10.1K, or D.C.COLO.LCivR 7.1A.  These deficiencies alone are bases for denial of the Motion to Strike without prejudice, or for striking the Motion to Strike from the record.  However, in consideration of the Court's obligation to liberally construe the filings of *pro se* litigants, the Court will accept the Motion to Strike as Defendants' Response to Plaintiff's Motion to Remand.  The Motion to Strike [#5] is therefore denied as

moot.

**I.    Summary of the Case**

Review of the Exhibits to Defendants' Notice of Removal indicates that Plaintiff initiated this unlawful detainer action on January 30, 2012, in Jefferson County Court located in Golden, Colorado. [#3] at 8-16. On February 8, 2012, Defendants filed an Answer, Counterclaims, and Request to Transfer to District Court and Jury Demand in response to the initial complaint, and the action was transferred to Jefferson County District Court. See id. at 20-28. Defendants assert three counterclaims: 1) intentional and negligent misrepresentation; 2) violations of the Fair Debt Collection Practices Act ("FDCPA"); and 3) a violation of the Colorado Rule 120 procedures, brought pursuant to 42 U.S.C. § 1983. Id.

Defendants removed the case to this Court on March 2, 2012. See [#1]. In the Notice of Removal, Defendants present three proposed bases for removal: 1) diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the monetary value of the property at issue exceeds $75,000 and the parties are citizens of different states (Plaintiff is a citizen of California, and Defendants are presumably citizens of Colorado); 2) federal question jurisdiction, because Plaintiff identifies itself as a debt collector, and Defendants raise a counterclaim pursuant to the FDCPA; and 3) supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because the claims in this action relate to claims brought in another lawsuit pending in this District, Case No. 11-cv-03298-CMA-KLM. Id. at 2-3.

**II.   Analysis**

A federal court's original jurisdiction is premised on two statutory grounds: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332. When a federal court lacks subject matter jurisdiction over a dispute

removed from state court, the court must remand the action to state court. 28 U.S.C. § 1447(c).  A "[d]efendant's right to remove and [a] plaintiff's right to choose [its] forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (citation omitted).  Regardless of whether removal is initially proper, if at any time "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted).

Here, each basis for removal proffered by Defendants fails as a matter of law. Pursuant to 28 U.S.C. § 1441(b)(2), removal premised on diversity jurisdiction is impermissible if the removal is effected by citizens of the state in which the action is removed.  The plain language of Section 1441(b)(2) prescribes that such action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Here, Defendants are citizens of Colorado, although they do not explicitly state their citizenship in their filings in this action.[1] Pursuant to the Court's own records, however, all three Defendants represent that their addresses are located in Arvada, Colorado. *See* Case No. 11-cv-03298-CMA-KLM.[2] Thus, removal based on diversity jurisdiction is improper pursuant to Section 1441(b)(2).

Defendants' counterclaims do not support an exercise of subject matter jurisdiction premised on the existence of a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S.

---

[1] Defendants did not include the information required by Fed. R. Civ. P. 11(a) on the Notice of Removal.

[2] The Court may take judicial notice of its own files and records, as well as of facts which are a matter of public record. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, it is evident by the face of the "Verified Complaint in Unlawful Detainer" that Plaintiff's right to relief arises exclusively from Colorado law governing eviction proceedings. *See Cook v. Hamrick*, 278 F. Supp. 2d 1202 (D. Colo. 2003) (dismissing claim arising out of unlawful detainer proceedings for lack of subject matter jurisdiction); Colo. Rev. Stat. § 13-40-110. Defendants' argument based on supplemental jurisdiction fails for the same reason: Plaintiff's action arising solely from Colorado state law could not have originally been brought in federal court, thus removal premised on either federal question jurisdiction or supplemental jurisdiction is improper. *See* 28 U.S.C. § 1441 (limiting removal generally to actions that could have been brought in federal district court).

### III.     Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that **Defendants' Motion to Strike Plaintiff's Motion to Remand** [Docket No. 5; Filed April 3, 2012] is **DENIED AS MOOT**.

IT IS RESPECTFULLY **RECOMMENDED** that **Plaintiff's Motion to Remand** [Docket No. 4; Filed March 30, 2012] be **GRANTED**, and this action be remanded to the District Court for Jefferson County, Colorado.

IT IS FURTHER **RECOMMENDED** that Plaintiff's request for attorneys' fees and Rule 11 sanctions be **DENIED WITHOUT PREJUDICE**. Pursuant to Fed. R. Civ. P. 11(c)(2), "[a] motion for sanctions must be made separately from any other motion," and pursuant to D.C.COLO.LCivR 54.3, a motion for attorney fees shall be supported by one or more affidavits and a detailed description of the amount claimed. The requests for

sanctions and fees presented in Plaintiff's Motion to Remand fail to comply with either Fed. R. Civ. P. 11(c)(2) or D.C.COLO.LCivR 54.3.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 11, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge