IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-00565-CMA-KLM

KONDAUR CAPITAL CORPORATION,

    Plaintiff,

v.

LUIS E. CASTRO,
GEORGE A. CASTRO,
SHERRON L. LEWIS, JR.

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING APRIL 11, 2012 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the April 11, 2012 Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 8), concerning Plaintiff's Motion to Remand. (Doc. # 4.) In her Recommendation, the Magistrate Judge recommended that Plaintiff's motion to remand be granted and that the case be remanded to the District Court for Jefferson County, Colorado.

On April 25, 2012, Defendants, proceeding *pro se*,[1] filed timely objections to the Recommendation. (Doc. # 10.) When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district court judge

---

[1] Because Defendants are proceeding *pro se*, the Court "reviews [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  Accordingly, the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, and Defendants' Objection to the Recommendation.

In Defendants' Notice of Removal, they claimed three bases for removal: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332; (2) federal question jurisdiction; and (3) supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The Magistrate Judge found that none of these bases supported removal in this case.  In their objections, Defendants do not challenge the Recommendation insofar as the Magistrate Judge found there was no basis for removal under either diversity jurisdiction or federal question jurisdiction; rather, Defendants contend that removal was proper because there is a separate case currently pending in this Court involving many of the same parties.[2]   (*See* Case No. 11-cv-03298.)

A civil case filed in state court is removable only if it originally could have been brought in federal court.  *See* 28 U.S.C. §§ 1441(a) (a defendant may remove a state civil action to federal court when the district court has original jurisdiction over the

---

[2] For the first time, Defendants also argue that removal was proper under 28 U.S.C. § 1443, which allows for removal of certain civil rights actions to federal court.  Not only is this argument frivolous, but it was raised by Defendants for the first time in their objections to the Recommendation and so it is waived.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

2

Case 1:12-cv-00565-CMA-KLM   Document 11   Filed 04/27/12   USDC Colorado   Page 3 of 4

matter). When, as in this case, "the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010).

Based on the presence of the arguably related case, Defendants argue that the Court should exercise supplemental jurisdiction over the instant case, and that such an exercise of supplemental jurisdiction makes removal proper. This argument is premised on a fundamental misunderstanding of the jurisdictional statutes. Although § 1367 permits a federal court to hear claims that, otherwise, it would not have jurisdiction to hear, § 1367 does not provide a court with original jurisdiction. See *Halmekangas*, 603 F.3d at 294 ("Section 1367 grants 'supplemental jurisdiction' over state claims, **not original jurisdiction**.") (emphasis added). As previously noted, removal under § 1441 is only proper if the case could originally have been brought in federal court. Given that supplemental jurisdiction is not the same thing as original jurisdiction, and there being no other basis for original jurisdiction, Defendants cannot remove the case under § 1441. As the Sixth Circuit has explained:

> The supplemental-jurisdiction statute is not a source of original jurisdiction, and a removal petition therefore may not base subject-matter on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.

*Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996); *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705 (holding that supplement jurisdiction "does not

provide an independent source of removal separate from § 1441"); 16 James Wm. Moore et al., Moore's Federal Practice, § 107.14[1] (3d ed. 2011) ("The supplemental jurisdiction statute is not itself a source of original jurisdiction and therefore is not a proper basis for removal."). Thus, the Magistrate Judge correctly found that there is no basis for removal because the Court lacks original jurisdiction over the action.

Based on the Court's *de novo* review, the Court concludes that the Magistrate Judge's Recommendation is correct. Therefore, Defendants' objections (Doc. # 10) are OVERRULED and the Court hereby ADOPTS the Recommendation of Magistrate Judge Mix as the findings and conclusions of this Court.

Accordingly, it is ORDERED that:

(1) Plaintiff's Motion to Remand (Doc. # 4) is GRANTED, and this case is REMANDED to the District Court for Jefferson County, Colorado for further proceedings,

(2) Defendants' Motion to Strike Plaintiff's Motion to Remand (Doc. # 5) is DENIED AS MOOT.

(3) Plaintiff's request for attorneys' fees and rule 11 sanctions is DENIED WITHOUT PREJUDICE.

DATED: April  27 , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge