IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00565-CMA-KLM

KONDAUR CAPITAL CORPORATION,

    Plaintiff,

v.

LUIS E. CASTRO,
GEORGE A. CASTRO, and
SHERRON L. LEWIS JR.,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Attorney's Fees and Sanctions** [Docket No. 13; Filed May 1, 2012] (the "Motion"). In the Motion, Plaintiff seeks an order of the Court awarding attorney's fees and imposing a fine and an injunction against filing as to only Defendant Sherron L. Lewis, Jr. (and not as to the Castro Defendants). [#13] at 6. Defendants submitted a Response in opposition to the Motion on May 9, 2012 [#19], and Plaintiff filed a Reply on May 22, 2012 [#21]. The Motion is ripe for review and referred to this Court for resolution [#14]. For the reasons stated below, the Court respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

Plaintiff initiated this unlawful detainer action on January 30, 2012, in Jefferson

County Court located in Golden, Colorado. [#8] at 2 (citing [#3] at 8-16). On February 8, 2012, Defendants filed an Answer, Counterclaims, and Request to Transfer to District Court and Jury Demand in response to the initial complaint, and the action was transferred to the District Court for Jefferson County, Colorado. See [#3] at 20-28. Defendants asserted three counterclaims: 1) intentional and negligent misrepresentation; 2) violations of the Fair Debt Collection Practices Act ("FDCPA"); and 3) a violation of the Colorado Rule 120 procedures, brought pursuant to 42 U.S.C. § 1983. Id.

Defendants removed the case to this Court on March 2, 2012. See [#1]. In the Notice of Removal, Defendants presented three proposed bases for removal: 1) diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the monetary value of the property at issue exceeds $75,000 and the parties are citizens of different states (Plaintiff is a citizen of California, and Defendants are presumably citizens of Colorado); 2) federal question jurisdiction, because Plaintiff identifies itself as a debt collector, and Defendants raise a counterclaim pursuant to the FDCPA; and 3) supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because the claims in this action relate to claims brought in another lawsuit pending in this District, Case No. 11-cv-03298-CMA-KLM. Id. at 2-3.

Plaintiff moved for remand on March 30, 2012. [#4]. On April 11, 2012, this Court recommended that the motion for remand be granted. [#8]. The Court found that each basis for removal proffered by Defendants failed as a matter of law. Id. at 3. In an Order entered April 27, 2012, the District Judge affirmed and adopted the Recommendation, and remanded this case back to the District Court for Jefferson County, Colorado. [#11]. Plaintiff then filed the instant Motion.

In the Motion, Plaintiff asks the Court to award its attorneys' fees pursuant to 27

U.S.C. § 1927, and also to impose additional sanctions in the form of a $25,000 fine and an injunction limiting Defendant Sherron L. Lewis, Jr.'s ("Mr. Lewis") ability to file (or remove) lawsuits related to the same subject matter in this District. [#13] at 6. Plaintiff recounts portions of Mr. Lewis' history as a *pro se* litigant in this District and in the Colorado state courts. *Id.* at 2-5. Plaintiff attests that Mr. Lewis' behavior is "disruptive . . . to the legitimate exercise of this Court's judicial function," and that the imposition of sanctions is an appropriate method to dissuade any future similar conduct. *Id.* at 6.

In response, Defendants appear to argue that the Castro Defendants have the right to be represented by Mr. Lewis, even though Mr. Lewis is not a licensed attorney. *See* [#19] at 1-2. Defendants also accuse "the state courts, the bankruptcy courts and even members of the United States District Court [of being] corrupt themselves or acquiesc[ing] to the known corruption." *Id.* at 3. Defendants challenge 27 U.S.C. § 1927 as statutory authority for the award of fees against *pro se* litigants, but do not contest the inherent authority of the Court to impose sanctions, nor do they contest the amount of fees claimed by Plaintiff. *See id.* at 3-4.

In reply, Plaintiff suggests that if Mr. Lewis intends to act as the Castro Defendants' counsel, then he should be subject to Section 1927's provision for fees. [#21] at 2. In any event, Plaintiff relies on the Court's inherent authority as the basis for the relief sought. *Id.*

## II. Analysis

28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions under Section 1927 are appropriate when an attorney acts "recklessly or with indifference to the law." *Dominion Video Satellite, Inc. v. Echostar Satellite*, *LLC*, 430 F.3d 1269, 1278 (10th Cir. 2005). Sanctions are also appropriate "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1342 (10th Cir. 1998). A finding of bad faith is not necessary to impose sanctions under Section 1927. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). Sanctions "are levied to compensate the victims of dilatory tactics, not as a means of punishment." *Id.*

Mr. Lewis appears in this matter *pro se* and is not an attorney. Although the Tenth Circuit had for a time left open the question of whether *pro se* litigants can be assessed sanctions under Section 1927, *Ayala v. Holmes*, 29 F. App'x 548, 550-51 (10th Cir. 2002), it recently stated that "[Section] 1927 is available against only attorneys." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006) (citation omitted). However, the Court may still impose sanctions on *pro se* litigants in the exercise of its inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). The Court must exercise its inherent authority "with restraint and discretion," and must use such discretion to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45. "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power." *Id.*

**A.   Attorneys' Fees**

Pursuant to the Court's inherent authority, the granting of attorneys' fees is appropriate here. Although Mr. Lewis is a *pro se* litigant, Mr. Lewis' history in this District

4

belies any suggestion that he is without knowledge of the applicable rules of procedure, both federal and local. *See* Case Nos. 89-cv-01122-ZLW (breach of contract); 04-cv-02055-MSK-OES (interested party); 05-cv-00640-WYD-MJW (real property); 06-cv-00888-WYD (real property); 06-cv-01441-WYD-MJW (real property related to bankruptcy); 06-cv-01547-WYD (real property related to bankruptcy); 06-mc-00020-NONE (appointment of counsel related to bankruptcy); 06-mc-00032-WYD (injunction of state court proceedings); 06-mc-00033-WYD (injunction of state court proceedings); 07-cv-00243-RPM (civil rights related to bankruptcy); 08-cv-01094-PAB-KLM (FDCPA); 08-cv-01563-LTB-KLM (FDCPA); 08-cv-01612-LTB-KLM (unauthorized practice of law); 10-cv-01502-WYD-MEH (real property); 11-cv-03298-CMA-KLM (real property, FDCPA); 11-cv-03387-CMA-KLM (real property, FDCPA); 12-cv-00565-CMA-KLM (instant matter). In fact, this case is not the first case that Mr. Lewis has attempted to remove unsuccessfully; he also removed two other cases, which were promptly remanded for lack of subject matter jurisdiction. *See* Case Nos. 06-cv-00888-WYD, 08-cv-01612-LTB-KLM. Thus, the Court agrees with Plaintiff that the removal of this matter without any legal basis is vexatious and frivolous, and recommends that the request for an award of attorneys' fees be granted.

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir. 1996). Generally, a party seeking an award of attorneys' fees and costs must demonstrate that the fees and costs sought are reasonable. *Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Counsel must make a good faith effort to exclude hours that are

"excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 435.

Plaintiff submitted documentation in support of the fees requested in the amount of $4,035.00, as required by D.C.COLO.LCivR 54.3.  Review of the affidavits and billing statement demonstrates to the Court that the amount requested is reasonable.  Thus, the Court recommends that Plaintiff be awarded its fees, recoverable from Mr. Lewis only (for reasons further explained below), in the total amount of $4,035.00.

**B.    Imposition of a Fine and/or an Injunction**

The Court declines to impose a fine and/or an injunction against Mr. Lewis as requested by Plaintiff at this time, but agrees that Mr. Lewis alone should bear the sanction, to the exclusion of the Castro Defendants as explained below.  Further, the Court admonishes Mr. Lewis for his vexatious and frivolous litigation conduct that is evidenced by the seventeen cases filed in this District alone, which were and are generally related to the same subject matter of foreclosures in Colorado.  Out of the seventeen proceedings, only one was concluded arguably in Mr. Lewis' favor, in the form of placing Mr. Lewis' bankruptcy proceeding on the list of cases waiting for volunteer counsel.  *See* Case No. 06-mc-00020-NONE.

Additionally, the Court takes judicial notice of the following sanctions imposed against Mr. Lewis by other jurisdictions (in addition to the seventeen cases mentioned above), for the purpose of establishing a clear record on which, if necessary, the future imposition of sanctions could be based.  *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (The Court may take judicial notice of its own files and records, as well as of facts which are a matter of public record.).  First, the Court recognizes the admonishment of Mr. Lewis arising from a related bankruptcy proceeding,

6

in which the bankruptcy judge stated Mr. Lewis "was abrasive and argumentative with the Court," and that he presented "legally insufficient" and "spurious" arguments. *In re Castro*, No. 11-24287-SBB, 2011 WL 3205789, at *1 (Bankr. D. Colo. July 27, 2011). Next, as more telling to the *modus operandi* of Mr. Lewis, the Court recognizes the preliminary injunction entered against Mr. Lewis in the District Court of Jefferson County, Colorado, to prohibit him from "engag[ing] in the unauthorized practice of law, collect[ing] upfront fees, and acquir[ing] property interests in violation of the Colorado Foreclosure Protection Act." *In re Castro*, 2011 3205789 at *3 n.6 (citing *State of Colorado v. Sherron L. Lewis, Jr., et al.*, Case No .2010cv3537); *see also Order*, [#3] at 86.

Notably, as part of the preliminary injunction, Mr. Lewis was ordered to "[r]estore to Luis E. Castro the sum of $24,000.00" as related to the findings stated therein. *Order*, [#3] at 88. Luis E. Castro is one of the named defendants in this action, and the Court is reluctant to impose an award of fees against the Castro Defendants in light of the Jefferson County District Court's finding that Luis E. Castro was a victim of Mr. Lewis' previous unlawful conduct.

To be clear, the Court may impose sanctions in addition to an award of attorneys' fees, such as the imposition of a fine, pursuant to its inherent authority. *See Mellott v. MSN Commc'ns, Inc.*, No. 11-1478, 2012 WL 3008923, at *3 (10th Cir. 2012) (unpublished) ("In contrast, an inherent-power sanction may be payable to the court, and it may take account of the court's inconvenience and the waste of judicial resources."). The Court may further enjoin an abusive litigant from filing cases in this District. *E.g., Moore v. Jahani*, No. 10-cv-00425-BNB, 2010 WL 1610130, at *2 (D. Colo. Apr. 20, 2010) ("A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any

claims without first seeking prior leave of court." (citing *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F.Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989)))). Consistent with due process and in lieu of imposing such sanctions at this time, the Court explicitly warns Mr. Lewis that any protraction of the path that he has chosen of frivolous and vexatious litigation will likely result in limiting his access to the court, and may also result in the imposition of a fine significant enough to deter him from future abusive litigation conduct.

### III. Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that Plaintiff's Motion for Attorney's Fees and Sanctions [#13] be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends that Plaintiff's Motion be granted to the extent that Plaintiff is awarded its fees in the total amount of $4,035.00, payable by Mr. Lewis to Plaintiff within ***fourteen days*** of an Order resolving this Recommendation. The Court recommends that Plaintiff's Motion be denied in all other respects.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 24, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge