**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-00565-CMA-KLM

KONDAUR CAPITAL CORPORATION,

     Plaintiff,

v.

LUIS E. CASTRO,
GEORGE A. CASTRO,
SHERRON L. LEWIS, JR.

     Defendants.

_____

**ORDER ADOPTING AND AFFIRMING AUGUST 24, 2012 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

_____

This matter is before the Court on the August 24, 2012 Recommendation of

United States Magistrate Judge Kristen L. Mix (Doc. # 23), concerning Plaintiff's Motion

for Attorney's Fees and Sanctions.  (Doc. # 13.)  The Magistrate Judge recommended

that Plaintiff's Motion be granted to the extent that Plaintiff is awarded its attorneys' fees

in the total amount of $4,035.00,[1] payable by Defendant Lewis only, and that the Motion

be denied in all other respects.  (Doc. # 23 at 8.)

_____

1   These fees were incurred as a result of Defendants' improper removal of this case to
federal court from the District Court for Jefferson County, Colorado.  After Plaintiff filed
a motion to remand, the Court granted that motion and ordered this case remanded to
state court.  (Doc. # 11.)

On September 6, 2012, Defendants, proceeding *pro se*,[2] filed timely objections to the Recommendation.  (Doc. # 10.)  When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  Accordingly, the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, and Defendants' Objection to the Recommendation.

Defendants' first objection appears to take issue with the Magistrate Judge's determination that attorneys' fees should be assessed only against Defendant Lewis. Defendants claim to be "perplexed" by the Magistrate Judge's assertion that Defendant Lewis was representing the interests of the other two Defendants.  Although Defendants have each signed all relevant documents in this case, the Court notes that Defendant Lewis has a long history of litigation in this district in which he acts as a *pro se* attorney. (Doc. # 23 at 4.)  Furthermore, Defendant Lewis has been preliminary enjoined in Colorado state court from "engag[ing] in the unauthorized practice of law."  (Doc. # 3 at 86.)  Notably, as part of that preliminary injunction, Defendant Lewis was ordered to "[r]estore to Luis E. Castro the sum of $24,000.00."  (*Id.* at 88.)  Thus, there is legitimate

---

2   Because Defendants are proceeding *pro se*, the Court "reviews [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

basis for the Magistrate Judge's determination that Defendant Lewis was acting as a legal representative in this case, and the Court agrees with the Magistrate Judge that it is sensible to make the award of attorneys' fees payable only by Defendant Lewis.

Next, Defendants seem to contend that the Magistrate Judge did not say what conduct she found sanctionable.  (Doc. # 24 at 2.)  This argument is entirely without merit.  The Magistrate Judge clearly stated that "the removal of this matter without any legal basis is vexatious and frivolous."  (Doc. # 23 at 5.)  Completely undercutting their argument, Defendants later contend that their "attempt to remove the case was clearly justified" and cannot be said to be frivolous or vexatious.  (Doc. # 24 at 4.)  However, as the Court has already determined in a previous Order, there was clearly no proper basis to remove the matter to federal court.  (Doc. # 11.)  Defendant Lewis' previous unsuccessful attempts to remove cases from state court demonstrates that Defendants' attempt to remove the instant case was indeed "vexatious and frivolous."  (Doc. # 23 at 5.)

Based on the Court's *de novo* review, the Court agrees with the Magistrate Judge's Recommendation.  Therefore, Defendants' Objections (Doc. # 24) are OVERRULED and the Court hereby ADOPTS the Recommendation of Magistrate Judge Mix as the findings and conclusions of this Court.

Accordingly, it is ORDERED that Plaintiff's Motion for Attorney's Fees and Sanctions (Doc. # 13) be GRANTED IN PART and DENIED IN PART.

Specifically, it is ORDERED THAT Plaintiff's Motion be granted to the extent that Plaintiff is awarded its attorneys' fees in the total amount of $4,035.00, payable by Defendant Lewis to Plaintiff, within fourteen days of this Order.  Plaintiff's Motion is denied in all other respects.

The Clerk of the Court is ORDERED to enter Judgment in favor of Plaintiff and against Defendant Lewis in the amount of $4,035.00.

DATED:  October   31   , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge